**Commonwealth v. Koronkiewicz**

*Robert J. Menapace, assistant district attorney,* for the commonwealth.

*R. Michael Kaar,* for defendant.

ROSINI, *J.,* December 23, 1986—Defendant was arrested on April 26, 1985, for various crimes including rape, statutory rape, attempted rape and attempted statutory rape involving a minor child, one of four sisters.

A preliminary hearing was held June 4, 1985, at which time defendant was held for court.

Subsequently, attorney John Muncer was appointed guardian and litem for the minor children, replacing a prior guardian who moved from the jurisdiction and withdrew from the case.

During the next few weeks, counsel for defendant met with and spoke or corresponded with attorney Muncer on a number of occasions with respect to various aspects of the defense in an attempt to persuade the guardian to investigate with the minors to determine the truth of defense theories.

Guardian Muncer has subsequently assumed a position as assistant district attorney and defendant has filed the subject motion to dismiss based on alleged conflict of interest resulting from attorney Muncer's changed position. (It should be noted that

a separate motion to interview witnesses was resolved by stipulation at the time of the hearing.)

The case for the defense is based on two separate disciplinary rules, to wit: D.R. 9-101 concerning "avoiding even the appearance of impropriety," and D.R. 5-105(D) which in essence states that if a particular attorney has a conflict, "no partner, associate or any other lawyer affiliated with him or his firm may accept or continue such employment."

Defense wishes the court to extend this principle to the district attorney's office by considering it similar to a private law firm. The case law has consistently held that this is not the case.

The leading case, *Commonwealth v. Miller*, 281 Pa. Super. 392, 422 A.2d 525 (1980) clearly sets forth:

"[T]he principle of disqualification which applies to private law firms is simply not so strong when applied to government agencies in general . . . [and] should be all the more narrowly construed when applied to the office of district attorney, because the district attorney is not an adovcate in the ordinary sense of the term; his duty is to seek justice, to protect the innocent as well as to convict the guilty." 281 Pa. Super. at 399, 422 A.2d at 529. (citations omitted)

It should also be noted that in *Miller, supra,* the attorney in question represented a co-defendant prior to becoming a member of the district attorney's staff, a much more significant situation than the case before the court. In the present instance, attorney Muncer represented the "victim." His client's interests were not the same as those of defen-

dant, but they were not necessarily adverse. He was not an advocate of either the prosecution or the defense.

The court also takes particular note that the record reflects that no information has actually been divulged by attorney Muncer to the assistant district attorney handling the case. Specifically, attorney Muncer testified that he has in fact insulated himself from the matter.

In either event, the court can find no authority, nor has any been provided, which would authorize the extraordinary remedy of dismissal of charges. Even if a conflict existed, which we do not find, disqualification of the district attorney and appointment of a special prosecutor would be the appropriate remedy.

For the above reasons, we enter the following

## ORDER

And now, December 23, 1986, defendant's motion to dismiss is hereby denied.